No. 05-990C
(Chief Judge Damich)

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

JEFFREY D. COTTRELL,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

**DEFENDANT'S MOTION TO DISMISS**

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

BRYANT G. SNEE
Assistant Director

KELLY B. BLANK
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., N.W.
Washington, D.C. 20530
Tele: (202) 353-7961
Fax: (202) 353-7988

Attorneys for Defendant

Of Counsel:
STEVEN G. REED
Assistant Regional Attorney
Office of General Counsel
United States Department of Agriculture
Columbus, OH 43215

December 29, 2005

## TABLE OF CONTENTS

PAGE(S)

ISSUES PRESENTED ..... 1

STATEMENT OF THE FACTS ..... 2

I. Plaintiff's 1989 CRP Application ..... 3

II. Plaintiff's Alleged 1996 CRP Application ..... 6

ARGUMENT ..... 7

I. Standard Of Review For Motions To Dismiss Pursuant To RCFC 12(b)(1) And RCFC 12(b)(6) ..... 7

II. This Court Should Dismiss Mr. Cottrell's Complaint For Lack Of Subject Matter Jurisdiction ..... 9

A. This Court Lacks Jurisdiction To Entertain Mr. Cottrell's Claim Based Upon Alleged Denial Of His 1996 CRP Application Because The NAD And The District Court Possess Exclusive Jurisdiction Over Claims Arising Out Of CRP Eligibility Decisions ..... 10

B. This Court Lacks Jurisdiction To Entertain Mr. Cottrell's Claim Based Upon Denial Of His 1989 CRP Application Because Mr. Cottrell Has Neither Alleged Nor Established The Elements Of An Express Or Implied Contract With The United States, And Has Not Alleged A Money-Mandating Provision Of Law ..... 13

C. Mr. Cottrell's Claim Based Upon Denial Of His 1989 CRP Application Is Barred By the Statute Of Limitations ..... 16

III. Mr. Cottrell's Claim Based Upon His 1989 CRP Application Is Barred By The Doctrine Of Res Judicata ..... 18

CONCLUSION ..... 20

## TABLE OF AUTHORITIES

## FEDERAL CASES

PAGE(S)

Ace Property & Casualty Ins. Co. v. United States,
60 Fed. Cl. 175 (2004) ..... 13

Achenbach v. United States,
56 Fed. Cl. 776 (2003) ..... 9

Atlas Corp. v. United States,
15 Cl. Ct. 681 (1988) ..... 17

Boyle v. United States,
200 F.3d 1369 (Fed. Cir. 2000) ..... 8

Brighton Village Associates v. United States,
52 F.3d 1056 (Fed. Cir. 1995) ..... 17

City of Cincinnati v. United States,
153 F.3d 1375 (Fed. Cir. 1998) ..... 14

City of El Centro v. United States,
922 F.2d 816 (Fed. Cir. 1990) ..... 14

Conley v. Gibson,
355 U.S. 41 (1957) ..... 7, 8

Cottrell v. Yeutter,
38 F.3d 1215, 1994 WL 560967 (6th Cir. 1994) ..... 6, 19, 20

Cubic Def. Sys. Inc. v. United States,
45 Fed. Cl. 239 (1999) ..... 8

Davis v. Monroe County Bd. of Educ.,
526 U.S. 629 (1999) ..... 8

Dynalectron Corp. v. United States,
4 Cl. Ct. 424, aff'd, 758 F.2d 665 (Fed. Cir. 1984) ..... 9

Farmers & Merchants Bank of Eatonton, Georgia v. United States,
43 Fed. Cl. 38 (1999) ..... 11, 12, 13

Grass Valley Terrace v. United States,
2005 WL 3497799 (Dec. 21, 2005) .......... 17

Harbert/Lummus Agrifuels Projs. v. United States,
142 F.3d 1429 (Fed. Cir. 1998) .......... 14

Heim v. United States,
50 Fed. Cl. 225 (2001) .......... 18

Herrmann v. Cencom Cable Assocs., Inc.,
999 F.2d 223 (7th Cir. 1993) .......... 20

Heydt v. United States,
38 Fed. Cl. 286 (1997) .......... 15, 16

Hopland Band of Pomo Indians v. United States,
855 F.2d 1573 (Fed. Cir. 1988) .......... 17

Indium Corp. of Am. v. Semi-Alloys, Inc.,
781 F.2d 879 (Fed. Cir. 1985), cert. denied, 479 U.S. 820 (1986) .......... 8

Jet, Inc. v. Sewage Aeration Systems,
223 F.3d 1360 (Fed. Cir. 2000) .......... 18, 20

John Muir Mem. Hosp., Inc. v. United States,
221 Ct. Cl. 843 (1979) .......... 12

Maniere v. United States,
31 Fed. Cl. 410 (1994) .......... 8

Martinez v. United States,
48 Fed. Cl. 851 (2001) .......... 17

Matson Navigation Co. v. United States,
284 U.S. 352 (1932) .......... 12

Milas v. United States,
42 Fed. Cl. 704 (1999) .......... 9, 10

Nat'l Med. Enter., Inc. v. United States,
28 Fed. Cl. 540 (1993) .......... 12

Noel v. United States,
16 Cl. Ct. 166 (1999) .......... 10

Reynolds v. Army & Air Force Exch. Serv.,
846 F.2d 746 (Fed. Cir. 1988) .......... 8

Scheuer v. Rhodes,
416 U.S. 232 (1974) .......... 8

Smith v. United States,
51 Fed. Cl. 36 (2001) .......... 10, 16

Sommers Oil Co. v. United States,
241 F.3d 1375 (Fed. Cir. 2001) .......... 8

Sunshine Anthracite Coal Co. v. Adkins,
310 U.S. 381 (1940) .......... 19

Town of Floyd v. United States,
34 Fed. Cl. 170 (1995) .......... 14

United States v. Fausto,
484 U.S. 439 (1988) .......... 12

United States v. King,
395 U.S. 1 (1969) .......... 9

United States v. Mendoza,
464 U.S. 154 (1984) .......... 18

United States v. Mitchell,
445 U.S. 535 (1980) .......... 9

United States v. Sherwood,
312 U.S. 584 (1941) .......... 9

United States v. Testan,
424 U.S. 392 (1976) .......... 9

United Technologies Corp. v. Chromalloy Gas Turbine Corp.,
189 F.3d 1338 (Fed. Cir. 1999) .......... 19

## STATUTES

7 U.S.C. § 6912(e) .......... 11

7 U.S.C. §§ 6991 et seq .......... 11

7 U.S.C. § 6999 .......... 11, 12

16 U.S.C. § 3830, et seq .......... 2

16 U.S.C. §§ 3831(a), 3832 .......... 3

16 U.S.C § 3831(e) .......... 2

16 U.S.C. §§ 3833, 3834 .......... 3

28 U.S.C. § 1491(a)(1) .......... 9

28 U.S.C. § 2501 .......... 16

7 C.F.R. § 704.3(a)(1989) .......... 4, 15

7 C.F.R. § 704.3(b)(1989) .......... 3, 4, 5, 15

7 C.F.R. § 704.6(a)(1989) .......... 3

7 C.F.R. § 704.9(1989) .......... 3

7 C.F.R. § 704.11(e)(1989) .......... 4, 15

7 C.F.R. § 780.6(c) .......... 11

7 C.F.R. § 780.15(c) .......... 11

7 C.F.R § 1410.59 .......... 11

## MISCELLANEOUS

H.R. Rep. No. 103-714 (1994) .......... 11

# INDEX TO APPENDIX


| Item | Page |
| --- | --- |
| CRP Application, dated July 17, 1989 | 1 |
| Letter to Jeffrey Cottrell from Loran Stutz, dated August 8, 1989 | 15 |
| Conservation Plan, dated September 5, 1989 | 16 |
| Minutes of Coshocton County Committee, dated September 6, 1989 | 17 |
| Letter to Jeffrey Cottrell from County Committee, dated October 4, 1989 | 18 |
| Letter to Jeffrey Cottrell from Loran Stutz, dated November 14, 1989 | 19 |
| Letter to Jeffrey Cottrell from Dorothy Leslie, dated November 22, 1989 | 20 |
| 1990 Price Support and Production Adjustment Programs Contract, dated April 11, 1990 | 22 |
| CRP Withdrawal Letter, dated March 15, 1990 | 23 |
| Letter to Bruce Malek, attorney, from Loran Stutz, dated March 29, 1990 | 25 |
| Letter to Curt Zimansky, attorney, from Loran Stutz, dated May 2, 1990 | 26 |
| Letter to Grady Pettigrew, Jr., attorney, from Dorothy Leslie, dated July 19, 1990 | 27 |
| Letter to William Adams, attorney, from Thomas Vongarlem, dated March 3, 1991 | 29 |
| Opinion and Order of the United States District Court, dated November 15, 1991 | 32 |
| Minutes of Coshocton County Committee, dated November 5, 1997 | 42 |
| Letter to Nancy Cottrell from Michael Jacob, dated November 6, 1997 | 44 |
| Table of CRP Signup Periods, dated May 1, 2003 | 46 |
| Production Flexibility Contract, dated September 17, 2001 | 47 |

Memorandum to the County Committee from State Executive Director,
dated January 9, 2002 53

Excerpts from Payment Records, dated January 11, 2002 54

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| JEFFREY D. COTTRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-990C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) and, alternately, Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss the complaint of plaintiff, Jeffrey D. Cottrell, for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief can be granted. In support of this motion, we rely upon the complaint, the following brief, and the appendix accompanying this brief.[1]

**DEFENDANT'S BRIEF**

**ISSUES PRESENTED**

1. Whether this Court possesses jurisdiction to entertain plaintiff's claim for damages arising out of defendant's alleged denial of plaintiff's 1996 application to enroll in the Conservation Reserve Program ("CRP"), where Mr. Cottrell was required to raise such claims before the National Appeals Division ("NAD") of the United States Department of Agriculture ("USDA") pursuant to the Federal Crop Insurance Reform and Department of Agriculture Reorganization Act of 1994.

---

[1] Citations to "Compl. ¶" refer to a specific paragraph of plaintiff's complaint. "Def. App. __" refers to citations to the appendix accompanying this brief.

2. Whether this Court should dismiss plaintiff's claim for damages, based upon the USDA's decision to deny Mr. Cottrell's 1989 application to enroll in the Conservation Reserve Program, for lack of subject matter jurisdiction because the complaint fails to allege or establish the existence of an express or implied-in-fact contract between Mr. Cottrell and the United States.

3. Whether this Court possesses jurisdiction to entertain a claim filed more than six years after plaintiff was informed of an adverse determination that he now challenges.

4. Whether plaintiff's claim arising out of the denial of his 1989 CRP application is barred by the doctrine of res judicata because the United States District Court for the Southern District of Ohio previously decided Mr. Cottrell's claims upon the merits.

## STATEMENT OF THE FACTS

On September 13, 2005, Mr. Cottrell filed his complaint with this Court. Mr. Cottrell's complaint alleges that the USDA improperly denied him enrollment in the 1989 CRP after approving his application. Compl. ¶ 8. Mr. Cottrell further alleges that the USDA improperly denied him enrollment and/or withheld payment upon an approved 1996 CRP contract. Compl. ¶¶ 11-12, 17. In his complaint, Mr. Cottrell fails to allege either a breach of an express or implied-in-fact contract, or a money-mandating statute or regulation entitling him to compensation.

This complaint concerns Mr. Cottrell's alleged efforts to enroll certain farm acreage in the CRP in 1989 and 1996. See 16 U.S.C. § 3830, et seq. Pursuant to 16 U.S.C. § 3831(e), the USDA is authorized to enter into rental contracts with the owners or operators of eligible farmland. Under this program, the owner or operator of the farmland must agree to

refrain from planting crops upon the land and must establish appropriate vegetative cover to conserve and improve soil and water resources. 16 U.S.C. §§ 3831(a), 3832. In exchange, the USDA shares the cost of conservation measures and makes an annual rental payment to compensate the owner or operator for the conversion of the cropland to a less intensive use. 16 U.S.C. §§ 3833, 3834. Under the applicable regulations, a CRP contract had to include a conservation plan approved by the Soil Conservation Service.[2] See 7 C.F.R. §§ 704.3(b) and 704.9 (1989). In addition, a party to a CRP contract who is not an owner of the farmland at issue must provide assurance of control of the land for the duration of the period of the contract. Def. App. 4; 7 C.F.R. § 704.6(a) (1989).

I. Plaintiff's 1989 CRP Application

On July 17, 1989, Mr. Cottrell and his grandmother, Lucille Stuller, owner of the farmland at that time, submitted a Form CRP-1, or application to participate in the CRP program for a ten-year period from January 1, 1990, through December 31, 1999. Compl. ¶ 4; Def. App. 1-14. On August 8, 1989, Loran F. Stutz, Executive Director of the Coshocton County, Ohio Agricultural Stabilization and Conservation Service ("ASCS") Committee ("County Committee"), notified Mr. Cottrell that his "bid under the 1990 [CRP] is within the Maximum Acceptable Rental Rate established by the [USDA] for this bid pool."[3] Def. App. 15. However, Mr. Stutz informed Mr. Cottrell that "it has not yet been determined whether other CRP eligibility criteria have been met." Id. Under the terms of the contract, Mr. Cottrell's application

---

[2] The former Soil Conservation Service is now called the Natural Resource Conservation Service ("NRCS").

[3] The former Agricultural Stabilization and Conservation Service is now called the Farm Service Agency ("FSA").

constituted an irrevocable offer which the County Committee could accept until 30 days after the end of the applicable signup period. Def. App. 11. Accordingly, Mr. Cottrell was informed that the County Committee had to accept his request to participate in the CRP by September 1, 1989. Def. App. 15. If the County Committee failed to do so, Mr. Cottrell could withdraw or modify his application, or simply leave his bid "on file." Id. The County Committee possessed delegated authority to approve or deny CRP applications. 7 C.F.R §§ 704.3(a) and 704.11(e) (1989).

On September 4, 1989, Mrs. Stuller died and, subsequently, her estate was admitted to probate. Def. App. 33. On September 5, 1989, Timothy Halt, District Conservationist for the Soil Conservation Service, signed and dated an approved conservation plan in support of Mr. Cottrell's CRP application. Def. App. 16. On September 6, 1989, the County Committee determined to hold Mr. Cottrell's CRP application until additional information was received regarding Lucille Stuller's estate. Def. App. 17.

On October 4, 1989, Mr. Cottrell met with the County Committee to discuss its decision to table his CRP application. Def. App. 18. After the meeting, the County Committee requested copies of the farmland leases and Lucille Stuller's will. Id. On November 14, 1989, after consideration of all relevant documents, including review by the USDA Office of the General Counsel, Mr. Stutz informed Mr. Cottrell by letter that, in order to accept his CRP application, it would be necessary to obtain the signatures of the executors of Lucille Stuller's estate as well as the signature of every heir who would acquire an interest in the land pursuant to Mrs. Stuller's will. Def. App. 19. On November 22, 1989, Dorothy L. Leslie, ASCS State Executive Director, informed Mr. Cottrell that in order to accept his CRP application, he must demonstrate legal

control of the land offered for the life of the contract. Def. App. 20-21.

On March 15, 1990, Mr. Cottrell applied to participate in the 1990 Wheat and Feed Grain program. Def. App. 22.[4] Accordingly, on March 15, 1990, Mr. Cottrell voluntarily withdrew his CRP application in writing, stating, "I cannot sign into the 0/92 [1990 Wheat and Feed Grain] program and continue on with my application with the 10 CRP according to Mr. Stutz. Due to the time of year and appeal process [,] I am forced into signing into the 0/92 for the 1990 crop year." Def. App. 23-24. On April 11, 1990, the County Committee approved Mr. Cottrell's application to participate in the 1990 Wheat and Feed Grain program. Def. App. 22.

On March 29, 1990, Mr. Stutz sent a letter to Mr. Cottrell's attorney reiterating that Mr. Cottrell's CRP bid would not be accepted without the additional signatures of individuals identified in Mrs. Stuller's estate as possible heirs. Def. App. 25. On April 25, 1990, the County Committee conducted a reconsideration hearing upon Mr. Cottrell's CRP application. Def. App. 26. On May 2, 1990, Mr. Stutz informed Mr. Cottrell's attorney by letter that the County Committee denied Mr. Cottrell's CRP application. Id.

Mr. Cottrell appealed the County Committee decision to the ASCS Ohio State Committee and, following a hearing at which Mr. Cottrell was represented by counsel, on July 19, 1990, the State Committee denied the appeal. Def. App. 27-28. Subsequently, Mr. Cottrell appealed the County Committee's determination to the USDA Deputy Administrator, State and County Operations. Def. App. 29-31. On March 3, 1991, following a telephonic hearing, the USDA denied the appeal. Id.

---

[4] The application is entitled "Contract to Participate in the 1990 Price Support and Production Adjustment Programs." Def. App. 22. Under this program, farmers enter into annual contracts with the USDA and agree to limit acreage for certain crops for conservation purposes.

On August 15, 1990, Mr. Cottrell filed a complaint in the United States District Court for the Southern District of Ohio against several parties including Clayton Yeutter, then-Secretary of Agriculture. See Case No. 90-609; Def. App. 32-33. In his complaint, Mr. Cottrell alleged that the USDA's denial of his CRP application was arbitrary and capricious, and requested equitable relief directing the Secretary to enroll his farmland in the CRP as well as monetary damages from the members of the County Committee and the Stuller heirs who would not agree to the CRP contract. See Cottrell v. Yeutter, 38 F.3d 1215, 1994 WL 560967 *2 (6th Cir. 1994). On November 15, 1991, the district court granted summary judgment to defendant, finding that the USDA acted properly in denying Mr. Cottrell's CRP application. Def. App. 40-41. On October 11, 1994, the United States Court of Appeals for the Sixth Circuit affirmed the district court's decision, stating that the "evidentiary material of record amply supports the district court's decision. Neither the statutes codifying the [CRP] . . .nor the regulations promulgated to administer the program . . . confer an absolute right upon an individual to have his CRP application approved." Cottrell, 1994 WL 560967 at *3. Accordingly, the district court's opinion "represents the reasonable view, supported by the record, that Cottrell does not appear to be a person eligible to participate in the CRP as defined." Id. at *4.

## II. Plaintiff's Alleged 1996 CRP Application

Mr. Cottrell alleges that he applied to FSA to enroll his farmland in the CRP in 1996. Compl. ¶ 10. However, the application attached to Mr. Cottrell's complaint is, in fact, a Form CCC-478 application for a Production Flexiblity Contract ("PFC"), dated July 12, 1996. Compl. at Exh. D. On July 31, 1996, the FSA County Committee approved the PFC submitted by Mr. Cottrell for enrollment, but not for payment due to the ongoing dispute between the heirs to the

Stuller estate. Def. App. 42-45; Compl. at Exh. E. The County Committee did not approve a CRP contract, as alleged by Mr. Cottrell in his complaint. Compl. ¶ 11.

Defendant has no record of any CRP application filed by Mr. Cottrell for program year 1996. The CRP signup period during which owners or operators were required to apply for CRP enrollment for the year 1996 was from September 11, 1995, through September 22, 1995. Def. App. 46 (FSA Handbook 2-CRP (Rev. 4), Amend. 1, Exhibit 15). Defendant has no record of Mr. Cottrell submitting a CRP application during this time.

On September 17, 2001, the County Committee approved a revised PFC for the 1996 crop year following the conclusion of legal proceedings involving the Stuller estate. Def. App. 47-52. On January 11, 2002, the Coshocton County FSA issued payments according to the share division provided in the revised PFC, filed on September 17, 2001. See, e.g., Def. App. 53-57.

Mr. Cottrell seeks recovery from the United States in the amount of $328,296.50 for damages arising out of denial of his 1989 CRP application, and $221,571.00 for damages arising out of the alleged denial of his 1996 CRP application. Compl. ¶¶ 8-9, 17.

## ARGUMENT

I. Standard of Review For Motions To Dismiss Pursuant To RCFC 12(b)(1) and RCFC 12(b)(6)

In general, the Court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Subject matter jurisdiction, however, may be challenged by the parties or raised by the Court at any time, and, if jurisdiction is found to be lacking, the Court must dismiss the action. See RCFC 12(h)(3).

In evaluating a motion to dismiss for lack of subject matter jurisdiction, the Court must presume all undisputed factual allegations to be true and construe all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236-37 (1974); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988). Notwithstanding this general rule, it is well settled that where the movant challenges specific jurisdictional facts set forth in the complaint, the Court may consider all relevant evidence (including matters not raised in the pleadings) and make any factual findings necessary to resolve the issue of jurisdiction. See, e.g., Indium Corp. of Am. v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985), cert. denied, 479 U.S. 820 (1986); Maniere v. United States, 31 Fed. Cl. 410, 413 (1994). Where the underlying jurisdictional facts are challenged, plaintiff bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence. See, e.g., Cubic Def. Sys. Inc. v. United States, 45 Fed. Cl. 239, 245 (1999).

RCFC 12(b)(6) provides that the Court should dismiss claims when, in view of the record presented, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. Pursuant to RCFC 12(b)(6), the Court must accept as true the facts alleged in the complaint, Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 633 (1999), and must construe all reasonable inferences in favor of the non-movant. Sommers Oil Co. v. United States, 241 F.3d 1375, 1378 (Fed. Cir. 2001). The Court must, however, grant the motion "when the facts asserted by the plaintiff do not entitle him to a legal remedy." Boyle v. United States, 200 F.3d 1369, 1372 (Fed. Cir. 2000).

II. This Court Should Dismiss Mr. Cottrell's Complaint For Lack Of Subject Matter Jurisdiction

The United States Court of Federal Claims is a court of limited jurisdiction. Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428, aff'd, 758 F.2d 665 (Fed. Cir. 1984). Its jurisdiction to entertain a suit and to grant relief depends upon, and is circumscribed by, the extent to which the United States has waived its sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941). A waiver of sovereign immunity of the United States cannot be implied, but must be unequivocally expressed by Congress. Testan, 424 U.S. at 399; United States v. King, 395 U.S. 1, 4 (1969). Absent congressional consent to entertain a claim against the United States, the Court of Federal Claims lacks authority to grant relief. Testan, 424 U.S. at 399; Sherwood, 312 U.S. at 586.

Pursuant to the Tucker Act, the Court of Federal Claims possesses jurisdiction to render judgment upon any monetary claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an Executive department, or upon any express or implied-in-fact contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. 28 U.S.C. § 1491(a)(1). However, the Tucker Act in itself does not create a substantive right enforceable against the United States for monetary damages. See United States v. Mitchell, 445 U.S. 535, 538 (1980); Achenbach v. United States, 56 Fed. Cl. 776, 777 n.1 (2003); Milas v. United States, 42 Fed. Cl. 704, 710 (1999). For a plaintiff to invoke this Court's limited jurisdiction, he must allege an express or implied-in-fact contract with the United States or "'state a claim based on one of the specific constitutional provisions, federal laws, or federal regulations that mandate payment of money damages.'"

Smith v. United States, 51 Fed. Cl. 36, 37 (2001) (quoting Noel v. United States, 16 Cl. Ct. 166, 169 (1999)); Milas, 42 Fed. Cl. at 710.

A. This Court Lacks Jurisdiction To Entertain Mr. Cottrell's Claim Based Upon Alleged Denial Of His 1996 CRP Application Because The NAD And The District Court Possess Exclusive Jurisdiction Over Claims Arising Out Of CRP Eligibility Decisions

In his complaint, Mr. Cottrell alleges that the USDA "wrongfully denied" him enrollment in the CRP in 1996. Compl. ¶¶ 12, 17. Even assuming that Mr. Cottrell submitted a CRP application in 1996, this Court does not possess jurisdiction to entertain his claim for damages based upon denial of such an application.

Before addressing the jurisdictional issue, it is significant that the USDA has no record of Mr. Cottrell applying to participate in the CRP in 1996. The exhibit attached to Mr. Cottrell's complaint that he alleges is a CRP application is actually a 1996 Production Flexibility Contract. Compl. at Exh. D. Moreover, although Mr. Cottrell's complaint alleges that the County Committee approved his 1996 CRP application, the County Committee's minutes demonstrate that Mr. Cottrell's PFC was approved for enrollment, not a CRP contract.[5] Compl. at Exh. E. Thus, because there is no record of a 1996 CRP application submitted by Mr. Cottrell, it is not possible for the USDA to deny such an application, as Mr. Cottrell alleges in his complaint. Compl. ¶ 17.

---

[5] Despite the plain language of the allegations contained in his complaint, if Mr. Cottrell is actually alleging that the USDA improperly denied payment upon the 1996 PFC, Mr. Cottrell was denied payment upon the 1996 PFC because of an ongoing dispute regarding the ownership of shares in the farmland at issue. Def. App. 42-45. The County Committee's letter explaining its decision plainly states that administrative appeal rights, including appeal to the NAD, could be pursued as a result of its decision. Id. at 44-45. In 2002, at the conclusion of the litigation involving the Stuller estate, payment was made upon the 1996 PFC according to the division of shares. Def. App. 53-57.

Even assuming that Mr. Cottrell's CRP application were denied in 1996, this Court does not possess jurisdiction to entertain a claim arising out of USDA's alleged denial because Congress expressly provided that all claims related to the CRP must first be submitted to the NAD, and then appealed to the district courts, which possess exclusive jurisdiction to review NAD decisions. See 7 U.S.C. §§ 6912(e) and 6999; 7 C.F.R § 1410.59; 7 C.F.R. § 780.6(c) (appeal procedures for programs under Title XII of the Food Security Act of 1985, which includes the CRP, are appealable to the NAD). Therefore, this Court does not possess jurisdiction to entertain Mr. Cottrell's 1996 CRP claim.

The Federal Crop Insurance Reform and Department of Agriculture Reorganization Act of 1994 (P.L. 103-354) ("1994 Reorganization Act") established the NAD to adjudicate disputes arising from USDA programs, effective October 13, 1994. See 1994 Reorganization Act § 271 et seq.; 7 U.S.C. § 6991 et seq. Pursuant to 7 U.S.C. § 6912(e), Mr. Cottrell was required to exhaust his administrative remedies by filing a claim with the NAD before filing suit in Federal court.[6] Claims arising out of USDA programs and activities which are appealable to the NAD include, "[e]ligibility determinations for participation in the [CRP]." Farmers & Merchants Bank of Eatonton, Georgia v. United States, 43 Fed. Cl. 38, 41 (1999) (quoting H.R. Rep. No. 103-714 (1994)).

Because the district courts possess exclusive jurisdiction to review NAD decisions, Mr. Cottrell cannot bring a claim in this Court that could have been initially brought before the NAD. Pursuant to section 279 of the 1994 Reorganization Act, Congress expressly provided that appeals of NAD determinations shall be reviewed and enforced exclusively by the district courts.

---

[6] Pursuant to 7 C.F.R. § 780.15(c), Mr. Cottrell has 30 days from receipt of written notice of the agency's adverse decision to file an appeal of the agency's determination.

1994 Reorganization Act § 279. This provision was later codified at section 6999 of title 7, United States Code, and specifically states that:

> A final determination of the [NAD] shall be reviewable and enforceable by any United States district court of competent jurisdiction in accordance with chapter 7 of Title 5.

7 U.S.C. § 6999.

The United States Supreme Court has stated that if Congress has made available a remedy other than a suit in the Court of Federal Claims and has explicitly or implicitly indicated that this remedy is to be exclusive, suit in the Court of Federal Claims will be precluded. Matson Navigation Co. v. United States, 284 U.S. 352, 359-60 (1932); see also United States v. Fausto, 484 U.S. 439, 452-53 (1988); John Muir Mem. Hosp., Inc. v. United States, 221 Ct. Cl. 843, 845-46 (1979); Nat'l Med. Enter., Inc. v. United States, 28 Fed. Cl. 540, 545 (1993). Congress has explicitly stated that appeals of NAD determinations "shall be reviewable and enforceable" only in the district courts. 7 U.S.C. § 6999. Congress did not preserve this Court's jurisdiction to entertain NAD appeals. Because Congress, in granting the district courts exclusive jurisdiction to review and enforce NAD determinations, did not also expressly preserve this Court's jurisdiction to entertain these appeals, this Court may no longer review NAD appeals. Id.

In Farmers & Merchants Bank of Eatonton, Georgia v. United States, 43 Fed. Cl. 38 (1999), this Court considered a claim for an alleged breach of contract by FSA arising from its refusal to guarantee a loan issued by the plaintiff. Id. at 38. The Court held that "[t]he text and legislative history of the 1994 Reorganization Act demonstrate . . . that the district courts are intended as the exclusive recourse for a plaintiff dissatisfied with the outcome of the relevant mandatory appeals process." Id. at 43. The Court further stated that "Congress empowered the

NAD with exclusive authority to adjudicate disputes arising from USDA programs . . . NAD adjudication is determinative of the rights in issue and is binding upon the parties unless reviewed and reversed by the designated court of competent jurisdiction." Id. at 43-44. The Court concluded that "Congress has displaced Tucker Act jurisdiction in favor of another remedial scheme, namely, administrative review in the [NAD] and judicial review in a district court." Id. at 44. Thus, the Farmers Court dismissed the plaintiff's complaint for lack of jurisdiction. Id.; see also Ace Property & Casualty Ins. Co. v. United States, 60 Fed. Cl. 175, 184-85 (2004) (holding the Court lacked jurisdiction to entertain crop insurers' breach of contract claim, even if plaintiffs had exhausted their administrative remedies, because Congress vested exclusive jurisdiction in the district courts over claims against the USDA's Federal Crop Insurance Corporation).

Because all claims related to CRP eligibility determinations must first be submitted to the NAD, and because the district courts possess exclusive jurisdiction to review NAD decisions, this Court does not possess jurisdiction to entertain the Mr. Cottrell's claim arising out of alleged denial of his 1996 CRP application.

B. This Court Lacks Jurisdiction To Entertain Mr. Cottrell's Claim Based Upon Denial Of His 1989 CRP Application Because Mr. Cottrell Has Neither Alleged Nor Established The Elements Of An Express Or Implied Contract With The United States, And Has Not Alleged A Money-Mandating Provision Of Law

In its complaint, Mr. Cottrell alleges that he is entitled to damages based upon the USDA's refusal to enroll him in the 1990 CRP program despite the fact that he completed one of the conditions for acceptance of his application by obtaining an approved conservation plan. Compl. ¶¶ 5-7. Because, as we establish below, Mr. Cottrell has neither alleged nor

demonstrated the elements of an express or implied-in-fact contract with the Government, and because Mr. Cottrell has not alleged the existence of a money-mandating provision of law that would provide jurisdiction, this Court should dismiss this claim for lack of subject matter jurisdiction.

To establish the existence of either an express or implied-in-fact contract with the United States, Mr. Cottrell must demonstrate: (1) mutual intent to contract; (2) consideration; (3) lack of ambiguity in an offer and acceptance; and (4) actual authority on the part of the Government representative to bind the United States in contract. Harbert/Lummus Agrifuels Projs. v. United States, 142 F.3d 1429, 1434 (Fed. Cir. 1998); City of El Centro v. United States, 922 F.2d 816, 820 (Fed. Cir. 1990). To prove an implied-in fact contract, Mr. Cottrell must establish all of the above elements by alleging conduct from which the existence of a contract can be inferred. City of Cincinnati v. United States, 153 F.3d 1375, 1377 (Fed. Cir. 1998) (citations omitted); Town of Floyd v. United States, 34 Fed. Cl. 170, 172-173 (1995).

Mr. Cottrell does not allege, nor do the materials in the complaint demonstrate, that the required elements exist to establish an express or implied-in-fact contract with the Government. Mr. Cottrell appears to be alleging, based upon the materials in his complaint, that the Government automatically approved his 1989 CRP application upon receipt of an approved conservation plan, but then improperly denied him enrollment and, thus, breached the CRP contract. Compl. ¶¶ 5, 7-8. This contention, however, fails to allege the creation of an express or implied-in-fact contract with the Government.

In this case, the County Committee is the representative authorized to approve and sign Mr. Cottrell's CRP application. Pursuant to the applicable regulation, the County Committee "is

authorized to approve CRP contracts on behalf of the [Commodity Credit Corporation ("CCC")]." 7 C.F.R. § 704.11(e) (1989); see also 7 C.F.R. § 704.3(a) (1989). Mr. Cottrell's suggestion that the submission of an approved conservation plan somehow operated to automatically create a binding CRP contract is incorrect and unsupported by any contractual term, or statutory or regulatory provision. The appendix to the 1989 CRP application signed by Mr. Cottrell plainly states that the contract is not effective unless signed by "an authorized representative of CCC." Def. App. 13-14.

The CRP application was never approved and signed by the County Committee. Def. App. 1. The lack of a signed CRP contract, or any evidence that the CRP application was accepted by the County Committee, demonstrates that there was no unambiguous offer and acceptance between Mr. Cottrell and an authorized agent of the Government. Further, all of the correspondence sent to Mr. Cottrell from the County Committee plainly states that his CRP application was tabled pending approval of the contract by the necessary parties to the Stuller estate. Def. App. 18-21, 25-28. See Heydt v. United States, 38 Fed. Cl. 286, 300 (1997) (the party asserting the existence of an implied-in-fact contract must show evidence from which a willingness to enter into a contract may be inferred) (citations omitted).

Although an approved conservation plan was submitted by the Soil Conservation Service to the County Committee in support of Mr. Cottrell's CRP application, he failed to satisfy all of the necessary criteria for CRP enrollment and his application was properly denied. Mr. Stutz plainly informed Mr. Cottrell that the County Committee must consider all of the eligibility criteria before approving and signing the CRP contract. Def. App. 15. Indeed, Mr. Stutz informed Mr. Cottrell that, after the Soil Conservation Service "has provided this office with an

approved conservation plan . . .[p]ractices to be carried out under CRP may be started at this time . . . with the understanding that" payment will not be made if the "[c]ontract is not approved by" the County Committee. Id. Thus a clear distinction was drawn between approval of a conservation plan, and authorization of a CRP contract. Moreover, Mr. Cottrell withdrew his 1989 CRP application in writing in order to participate in a separate program, thus rescinding his offer. Def. App. 23-24. Consequently, Mr. Cottrell's allegations are facially insufficient to establish any of the required elements of a contract with the Government.

In the absence of a contract, an action brought pursuant to the Tucker Act must identify a constitutional, statutory or regulatory provision mandating payment of monetary damages. Smith v. United States, 51 Fed. Cl. 36, 37 (2001). The complaint in this action fails to identify a money-mandating provision upon which a claim for damages could be based. Mr. Cottrell's complaint merely asserts that the County Committee improperly decided not to enroll him in the CRP, yet fails to provide any detail as to a required statutory basis for an obligation by the Government to pay Mr. Cottrell. Compl. ¶ 8.

C. Mr. Cottrell's Claim Based Upon Denial Of His 1989 CRP Application Is Barred By The Statute Of Limitations

Mr. Cottrell's claim arising from his 1989 CRP applications is barred by the six-year statute of limitations set forth in 28 U.S.C. § 2501. Section 2501 states that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. The six-year statute of limitations "is a jurisdictional requirement attached by Congress as a condition of the government's waiver of sovereign immunity and, as such, must be strictly construed."

Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1577-78 (Fed. Cir. 1988).[7]

To prove that his claim is not time barred, Mr. Cottrell must show that his "claim first accrued within six years of the filing of the complaint." Martinez v. United States, 48 Fed. Cl. 851, 857 (2001). "A claim accrues when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action." Brighton Village Associates v. United States, 52 F.3d 1056, 1060 (Fed. Cir. 1995).

Mr. Cottrell filed his complaint in this Court on September 13, 2005. Every action cited to support his claim, however, occurred more than six years before filing his complaint. Assuming arguendo that the USDA did breach the CRP contract by refusing to enroll Mr. Cottrell into the program, Mr. Cottrell's claim accrued, at the latest, on March 3, 1991, when the USDA Deputy Administrator of State and County Operations denied his appeal, stating that "[t]his concludes the administrative appeal rights afforded at 7 CFR Part 780." Def. App. 31.

Because Mr. Cottrell does not allege any improper actions by the USDA relevant to the

---

[7] We are mindful of this Court's recent opinion in Grass Valley Terrace v. United States, 2005 WL 3497799 (Dec. 21, 2005), which held that the issue of whether a claim is filed within the statute of limitations period should be tested by a motion to dismiss for failure to state a claim, not for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). However, plaintiff's claim also fails under a RCFC 12(b)(6) motion to dismiss because the complaint alleges that the submission of an approved conservation plan on August 31, 1989, created a binding contract which the Government allegedly breached by failing to enroll the land into the CRP upon submission of the approved plan. Compl. ¶¶ 5-8. Although plaintiff alleges that the Government never formally denied his CRP application, Compl. ¶ 7, that allegation is false, as demonstrated by the outcome of the administrative appeals process pursued by Mr. Cottrell. Def. App. 30-31.

Although we rely upon official documents outside the pleadings to demonstrate the insufficiency of Mr. Cottrell's claim, this is not fatal to a RCFC 12(b)(6) motion. See Atlas Corp. v. United States, 15 Cl. Ct. 681, 683-84 (1988) (in reviewing a motion to dismiss for failure to state a claim, the allegations in the complaint must "be examined in the relevant historical context and, to this end, in resolving the issues raised, the court may also consider certain material outside the pleadings such as official documents").

denial of his 1989 claim within the six years prior to filing his complaint in this Court on September 13, 2005, this action is barred by the statute of limitations. Consequently, this Court is without jurisdiction to entertain Mr. Cottrell's claim for damages in his complaint. RCFC 12(b)(1).

## III. Mr. Cottrell's Claim Based Upon His 1989 CRP Application Is Barred By The Doctrine Of Res Judicata

Pursuant to the doctrine of res judicata, once a litigant has had a full and fair opportunity to litigate a claim, a final judgment upon the merits of that action precludes the relitigation of issues that were or could have been raised in that action. United States v. Mendoza, 464 U.S. 154, 171 (1984); Heim v. United States, 50 Fed. Cl. 225, 233 (2001). By permitting a claimant only one opportunity to obtain redress, the doctrine conserves judicial resources, fosters reliance upon judicial decisions and protects potential litigants, or their privies, from unnecessary prospective litigation. Id.

The doctrine of res judicata requires: (1) a prior final judgment, (2) upon the merits by a court of competent jurisdiction, (3) involving the same parties or their privies, and, (4) that the claim from one action is based upon the same set of transactional facts as were raised or that could have been raised in the prior action. Heim, 50 Fed. Cl. at 233 (citing Jet, Inc. v. Sewage Aeration Systems, 223 F.3d 1360, 1362 (Fed. Cir. 2000)). In clarifying the fourth element, as it relates to claim preclusion, the United States Court of Appeals for the Federal Circuit has held:

> [a] subsequent suit is barred if it arises out of the same subject matter as a previous suit and which through the exercise of diligence, could have been litigated in a prior suit . . . What constitutes the subject matter of a suit depends on the factual basis of the complaint, and any cause of action that arises out of the same facts should be litigated in that same action . . . .

United Technologies Corp. v. Chromalloy Gas Turbine Corp.,189 F.3d 1338, 1344 (Fed. Cir. 1999).

The four elements of res judicata are satisfied in this case. First, in the prior district court action filed by Mr. Cottrell, the Secretary of the USDA, an agency of the United States, was named as a defendant. Def. App. 32. In Mr. Cottrell's complaint before this Court, he named the United States as defendant. In the context of res judicata, the United States is in privity with its authorized officials. See Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402-03 (1940) (holding that res judicata applies between representatives of the same government who possess "authority to represent its interests in a final adjudication").

Second, Mr. Cottrell's previous action in district court satisfies the requirement that there must be a prior final judgment upon the merits. In 1990, the district court issued a decision dismissing Mr. Cottrell's claim upon his motion for summary judgment, finding that it "in order to gain enrollment in the program [Mr. Cottrell] must have unfettered control over the property for ten years . . . Therefore, unless he can demonstrate the validity of the lease, his claim for instatement must fail. Yet the power to enter into a lease is controlled by the owner of the property, which in turn is determined by reference to the [Stuller] will." Def. App. 40. Thus, the Court concluded that the USDA was entitled to summary judgment upon the merits. Id. The Sixth Circuit subsequently affirmed the district court's dismissal of Mr. Cottrell's complaint. Cottrell, 1994 WL 560967 at *3-4.

Finally, as we have demonstrated, this complaint is based upon the identical set of transactional facts that Mr. Cottrell raised in his previous claim – namely whether the USDA

properly decided not to enroll Mr. Cottrell in the 1989 CRP. Def. App. 32-41; Cottrell, 1994 WL 560967 at *3 (the district court determined "whether or not the Secretary wrongfully decided that Cottrell was not eligible to participate in the CRP"). To define whether claims arise from the same transaction, the Federal Circuit has explained that courts have defined transaction in terms such as "'core of operative facts,' the 'same operative facts,' or the 'same nucleus of operative facts,' and 'based on the same, or nearly the same, factual allegations.'" Jet, 223 F.3d at 1363 (quoting Herrmann v. Cencom Cable Assocs., Inc., 999 F.2d 223, 226 (7th Cir. 1993)). Mr. Cottrell alleges damages resulting from the USDA's decision to deny his 1989 CRP application. Compl. ¶¶ 7-8. To the extent that Mr. Cottrell now alleges a breach of contract, this claim could have been raised before the district court because all of the facts necessary to support Mr. Cottrell's breach of contract theory were made available to him during discovery in that cause of action. Thus, Mr. Cottrell's claims arise from the same nucleus of operative facts that served as a predicate for his action in district court and upon appeal.

Accordingly, Mr. Cottrell's 1989 claim is barred by the doctrine of res judicata and his claim should be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant defendant's motion to dismiss for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief can be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/ BRYANT G. SNEE
BRYANT G. SNEE
Assistant Director

S/ KELLY B. BLANK
KELLY B. BLANK
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., N.W.
Washington, D.C. 20530
Tele: (202) 353-7961
Fax: (202) 353-7988

Of Counsel:
STEVEN G. REED
Assistant Regional Attorney
Office of General Counsel
United States Department of Agriculture
Columbus, OH 43215

December 29, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on December 29, 2005, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ KELLY B. BLANK