UNITED STATES DEPARTMENT OF AGRICULTURE
AGRICULTURAL STABILIZATION AND CONSERVATION SERVICE
COSHOCTON COUNTY ASC COMMITTEE
724 S SEVENTH STREET
COSHOCTON OH 43812

March 29, 1990

Mr. Bruce Malek
Attorney at Law
1 Public Square
Mt. Vernon OH 43050

Dear Mr. Malek.

The County Committee has reviewed the 10 year Conservation Reserve Program bid of Jeffrey Cottrell and have determined the following action is required.

The land with the lease expiring 1996 does not clearly cover the 10 year life span of a Conservation Reserve agreement. Thus we must assume the land would not qualify for the program.

Regarding the lease containing 200 acres more or less expiring 2007. The Committee reviewed Handbook 1-CRP Par. 122 C 5 a (enclosed) and is requesting additional signatures of individuals identified in the estate as possible heirs. There is a 15 day requirement for obtaining signatures. If no signatures are submitted the bid cannot be accepted.

If you feel we have not properly considered the facts in this determination, you may request reconsideration by the Committee within 15 days of the date on this notification.

The basis of the determination was originally given by the Regional Attorney in Columbus, Ohio. Washington also expressed the same opinion. Apparently this situation is not addressed clearly in the Handbook. It is County Committee belief review is necessary beyond the County level.

Sincerely,

Loran F. Stutz
County Executive Director

UNITED STATES DEPARTMENT OF AGRICULTURE
Agricultural Stabilization and Conservation Service
724 South 7th Street, Coshocton, Oh 43812
Phone: 614-622-8087 or 622-8088

May 2, 1990

McDevitt, Mayhew, & Malek, L.P.A.
Attorneys at Law
1 Public Square
Mt. Vernon, Ohio 43050

Dear Curt R. Zimansky, Attorney at Law,

Thank you for attending the reconsideration hearing April 25, 1990, 11:15 A.M., at the Coshocton County ASCS Office.

The information submitted has not altered the committee's previous decision. Your request for Conservation Reserve acceptance has been denied.

The Coshocton County Committee has been instructed by the Washington and State Staff, and it is the opinion of our Regional Attorney, that additional signatures by heirs are needed on the CRP-1 contract.

If you feel that we have not properly considered the facts in the case, you may appeal this decision to the State committee within 15 days of the date of this letter. The address is: Ohio State ASCS Office, Room 540 Federal Building, 200 North High Street, Columbus, Ohio 43215. If you appeal this decision to the State committee, you should furnish factual information and state why you believe the county committee's determination is wrong.

Sincerely yours,

Loran F. Stutz
County Executive Director

cc: Mr. Jeff Cottrell
Mr. Vernon Rapp, DD

RECEIVED
JUL 23 1990

United States Department of Agriculture

Agricultural Stabilization and Conservation Service

Ohio State ASCS Office
Room 540 Federal Building
200 North High Street
Columbus, Ohio 43215

July 19, 1990

Mr. Grady L. Pettigrew, Jr.
Arter & Hadden
One Columbus
10 West Broad Street
Columbus, Ohio 43215

Dear Mr. Pettigrew:

The Ohio State ASCS Committee (STC) considered the Conservation Reserve Program (CRP) appeal of Mr. Jeff Cottrell as presented by you and Mr. Cottrell. The STC thanks you both for appearing and presenting this case.

In September of 1989, Producer/Operator Jeffrey Cottrell and and Owner Lucille Stuller signed a Conservation Reserve Program contract to place 450 acres of cropland at a rental rate of $ 65.00 per acre into the CRP. Mr. Cottrell contends he holds control of the acreage in question by virtue of two long-term leases executed with Lucille Stuller, and was designated as a 100 percent share recipient under the terms of said contract.

On September 5, 1989, owner Lucille Stuller passed away. The Coshocton County Committee (COC) requested Mr. Cottrell secure the signatures of other potential heirs of the Stuller estate on the CRP contract. Mr. Cottrell contends these signatures are not needed. He maintains he has control of part of the offered acreage based upon a 20 year lease, and control of the remainder, based upon a 10 year lease, which can be extended by the executrix of the estate for the necessary 10 year CRP period without Probate Court approval.

CRP requirements as contained in 1-CRP (Rev. 1), Par. 77 require a CRP participant to have control of offered acres for the 10 year lifespan of the contract. The Ohio State ASC Committee has reviewed the leases submitted by Mr. Cottrell. This review has revealed that Mr. Cottrell does appear to have a 10 year leasehold interest through 12-31-1996 on 338 acres, Perry Township, Coshocton County. However, the location of tracts and fields are not identified in this lease. Mr. Cottrell also has a lease for 200+ acres of land located in Perry Township, Coshocton County, for a period of 20 years from 1987 through 2007. These 200+ acres are also not identified as to tract and field location.

269



ASCS

The STC reviewed a handwritten statement, appearing on the back of the CRP-1, signed and dated March 15, 1990 by Jeff Cottrell.

> "I am voluntarily withdrawing because I cannot sign into the 0/92 Program and continue on with my application with the 10 year CRP, according to Mr. Stutz. Due to the time of year and appeal process, I am forced into signing into the 0/92 for the 1990 crop year."

Based upon all the foregoing, the STC voted to support the Coshocton County Committee (COC) and deny the appeal.

If you feel your interests have not been properly considered in this matter, you may appeal within fifteen days of the date of this letter to:

Deputy Administrator, State and County Operations
Agricultural Stabilization and Conservation Service
United States Department of Agriculture
P. O. Box 2415
Washington, D. C. 20013

If you appeal this decision to the Deputy Administrator, you should furnish factual information and reasons why you believe the State determination is wrong.

Sincerely,
Dorothy L. Leslie

Dorothy L. Leslie
State Executive Director

cc: Coshocton County ASC Committee

United States Department of Agriculture
Agricultural Stabilization and Conservation Service

To: Coshocton County ASC Committee

Date: March 15, 1991

From: State Executive Director
Ohio State ASCS Office Dorothy L. Leslie

In Reply Refer to: CRP

Subject: Jeffrey D. Cottrell - CRP Appeal

Attached is the recently received DASCO determination with regard to the subject appeal. As stated, this concludes the administrative appeal process. Please file this in the producer's file.

cc: Vernon Rapp, District Director
Gerald Husted, Assistant Regional Attorney



18

ASCS-204 (4-3-80)

463-2

United States Department of Agriculture
Agricultural Stabilization and Conservation Service
P.O. Box 2415
Washington, D.C. 20013

MAR _ 3 '93

Mr. William A. Adams
Arter & Hadden
One Columbus
10 West Broad Street
Columbus, Ohio 43215

Dear Mr. Adams:

This is in reply to the appeal you filed on behalf of your client, Mr. Jeffrey D. Cottrell, concerning an Ohio State ASC Committee determination in regard to an offer submitted under the Conservation Reserve Program (CRP).

The record shows that on July 17, 1989, your client, as operator of farm 2251, and Ms. Lucille Stuller, as owner, submitted a bid to place 450 acres of the farm in the CRP. On September 5, 1989, Ms. Stuller died. The Coshocton County ASC Committee, acting on advice of the Ohio State Committee and the Office of General Counsel, informed your client that it would be necessary to have the signatures of the executors of the estate and each heir who will acquire an interest in the land pursuant to the terms of Ms. Stuller's will on the CRP-1, CRP Contract. Your client did not believe the signatures of the heirs were needed because he maintained he had control of part of the offered acreage based upon a 20-year lease. Further, the control of the remainder of the land could be granted by the executrix of the estate to extend the remaining lease for the 10-year period. The county committee reviewed the lease expiring 1996 and determined the lease did not cover the 10-year lifespan of the CRP and assumed the land would not qualify for the CRP. The county committee also reviewed the lease for 200 plus acres and requested additional signatures on the CRP-1 of the individuals identified in the estate as possible heirs.

Mr. Grady L. Pettigrew, Jr., attorney, appealed the county committee's determination to the Ohio State Committee. The State committee informed Mr. Pettigrew that CRP procedure requires that a participant must have control of the offered acreage for the 10-year lifespan of the contract. Mr. Pettigrew was also informed that a State committee review of the leases indicated your client appeared to have a 10-year lease through December 31, 1996, on 338 acres; however, the location of the tracts and fields was not identified in the lease nor was the location of the tracts and fields for the 200 plus acres under the lease for 20 years (1987 through 2007) identified. The State committee also reviewed a handwritten statement appearing on the back of the CRP-1, signed and dated March 15, 1990, by your client which stated that "I am voluntary (sic) withdrawing because I cannot sign into the 0/92 program and continue on with my application with the 10 CRP according to Mr. Stutz. Due to the time of year and appeal process I am forced into signing into the 0/92 for the 1990 crop year." The State committee concurred with the county committee's determination and denied the appeal.

We understand your position to be that based on program eligibility requirements it does not appear that heirs of a deceased landowner must consent to the land being placed in the program unless they are responsible for fulfilling the obligations of the program. You stated that pursuant to program procedure the owners are not required to sign the CRP-1 if the applicant has provided satisfactory evidence of controlling the land for the CRP period. You

19



ASCS

463-3



contend that your client need only establish that he has control of the property for the 10-year period in which the land is in the program. You explained that your client has a lease through 2007 on a portion of the land offered for the CRP and holds a lease through 1996 on the balance. You argued that your client withdrew from the CRP under duress and enrolled in the 0/92 program in order to receive income from the land. You allege that during a private meeting between an apparent heir to the land and the county executive director the heir made it clear he did not want the land in the CRP. You also allege that the county executive director opened your client's confidential file and showed the contents of the file to the apparent heir which you contend is a violation of Federal statutes. You believe your client should be considered eligible to participate in the CRP on the land offered on July 17, 1989, for a contract period from 1990 through 1999.

We have reviewed this entire matter, including the information presented during the September 18, 1990, telephone hearing. Program procedure stipulates that a person as operator of the land offered for the CRP is eligible to participate in the CRP if the person provides satisfactory evidence that he/she will control the land for the CRP period and satisfactory evidence may include the owner's signature on the CRP-1. Additionally, program regulations stipulate that the Commodity Credit Corporation may reject any and all offers to place land into the CRP. Based on our review of the case, we have determined the State committee took appropriate action within its delegated authority in determining the leases presented were not sufficient evidence to substantiate your client's control of the land offered for CRP enrollment for the required period. We also reviewed your contention that your client withdrew his offer for enrollment in the CRP under duress. The file shows that he signed the back of the CRP-1 stating he was voluntarily withdrawing from the CRP in order to participate in the 0/92 program. We have determined that your client did in fact withdraw from the CRP; therefore, any question with respect to the signatures required on the CRP-1 is actually a moot issue. We have, therefore, denied the appeal.

This concludes the administrative appeal rights afforded at 7 CFR Part 780, Appeal Regulations.

Sincerely,

/s/ THOMAS A. VONGARLEM, ASST.

/s/ THOMAS A. VONGARLEM, ASST.

Deputy Administrator,
State and County Operations

cc: SED, Ohio

20

RECEIVED

JUDGE
MAG
NS
CLERK
FILE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
91 NOV 15
COLUMBUS, OHIO

JEFFREY D. COTTRELL

Plaintiff,

v. Case No. C-2-90-0609

CLAYTON K. YEUTTER,
SECRETARY OF UNITED STATES
DEPARTMENT OF AGRICULTURE,
et al.,

Defendants.

OPINION AND ORDER

This matter comes before the Court to consider the motion of the Plaintiff, Jeffrey Cottrell, for partial summary judgment. Fed. R. Civ. P. 56.

This case arises from the desire of the Plaintiff to enroll certain farmlands over which he holds two leases in a federal program known as the Conservation Reserve Program ("CRP"). The owner of the farmland was Lucille Stuller, who was the Plaintiff's grandmother. As lessor, she entered into two leases, one dated December 17, 1986, which was to last for a term of ten years from January 1, 1987 until December 31, 1996, and covered some 338 acres located in Coshocton County ("Lease A"). The other was dated December 17, 1986, to extend from January 1, 1987 to December 31, 2007, covering in excess of 200 acres, also in Coshocton county ("Lease B"). On July 17, 1989, Mrs. Stuller as lessor and the Plaintiff as lessee applied to enroll the land in the CRP for the ten-year period from January 1, 1990, to



GOVERNMENT EXHIBIT C

December 31, 1999. To be eligible, however, the applicants had to demonstrate that they had unfettered control over the land for the ten-year period, the enrollment time prescribed under the regulations.

On September 4, 1989, Mrs. Stuller died, thus placing her estate in the hands of the probate court. Subsequent to Mrs. Stuller's death, the Plaintiff was notified by the Coshocton County Agriculture Stabilization and Conservation Service ("ASCS") that his application for the CRP was in jeopardy because Lease A would expire by its terms on December 31, 1996, four years short of the 1999 expiration date required by the CRP.

The ASCS advised the Plaintiff that, by the terms of Mrs. Stuller's will, he would have to receive an extension of the lease for the entire ten-year period, to be signed by four heirs to whom an interest in the land had been conveyed. Cottrell obtained an extension of the agreement on June 12, 1990, which was signed by the executor of Mrs. Stuller's estate, Nancy Cottrell, who is also the Plaintiff's mother. Absent from the extension agreement, however, were the signatures of the other heirs. On May 2, 1990,[1] the Plaintiff was informed that his application had been denied for failure to obtain these signatures.

The Plaintiff filed this four-count action on August 15, 1990. On March 27, 1991, this Court granted the Defendants'

---

[1] It appears from the Plaintiff's motion and attached exhibits that his application for enrollment in the CRP was denied <u>before</u> he obtained the now-disputed extension of Lease A.

motion to dismiss Counts III and IV of the Complaint, which stated claims for invasion of privacy and defamation, and denied the motion as to the first two counts, which sought injunctive relief instating the Plaintiff in the CRP, as well as damages for wrongful disclosure of confidential information which was contained in the Plaintiff's application for the CRP. In the present motion, the Plaintiff seeks summary judgment on Count One of the Complaint in which he requests injunctive relief instating him in the CRP.

In considering the Plaintiff's motion, the Court is mindful that summary judgment is appropriate only in limited circumstances. Rule 56(c) of the Federal Rules of Civil Procedure provides, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The moving party bears the burden of establishing the absence of a genuine issue as to any material fact. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). The United States Supreme Court has held, however, that the standard of summary judgment "mirrors the standard for a directed verdict under Federal Rule of "Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). This is true where, for instance, the dispute turns only on a legal question and the

moving party must prevail as a matter of law even if the Court were to resolve all factual disputes in favor of the non-moving party. See Ross v. Franzen, 777 F.2d 1216, 1222 (7th Cir. 1985); 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 225, at 79 (2d ed. 1983).

A summary judgment motion also requires special treatment of the record. The Court "must view the evidence presented through the prism of the substantive evidentiary burden" and determine "whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." Anderson, 477 U.S. at 252, 254; see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Nonetheless, in making this determination the Court may not impinge upon the proper function of the jury. Therefore, all of "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255. With this standard in mind, the Court will address the Plaintiff's motion for summary judgment.

The Plaintiff argues that the lease extension he obtained as to Lease A was sufficient to demonstrate his control over the land for the ten-year period mandated by the regulations. See 1-CRP (Amendment) (eff. June 14, 1989) ¶ 77(a)(2)(b). The Defendants argue that the extension is invalid because it was obtained without approval of the probate court and without signatures by Mrs. Stuller's heirs. Relying on his own affidavit, the Plaintiff responds that probate approval

was unnecessary because the terms of Lucille Stuller's will gave the executor full authority to deal with her property. He does not dispute that he obtained neither the signatures nor court approval, and both parties agree that construction of Mrs. Stuller's will is controlling.

The guiding principle of testamentary construction is that the intention of the testator controls the effect of the will. Brown v. Blair, 71 Ohio App. 27, 43 (1942). Rules of testamentary construction are to be employed only where the language of the will is ambiguous or creates internal inconsistency. Where the language is clear, however, the intent of the testator is presumed to have been expressed in the document, thus obviating the need to resort to rules of construction. 79 Am. Jur. 2d, Wills § 1132. Therefore, in construing the will, the court is to examine the four corners of the document. Where a clause is capable of differing constructions, that which harmonizes with the balance of this will and disposes of the property in a manner consistent with the language of the testator is favored. Foye v. Foye, 35 Ohio App. 283, 287 (1872); see Huston v. Craighead, 23 Ohio St. 198, 209 (1872); Baxter v. Baxter, 19 Ohio St. 490, Syllabus para. 1 (1869); Board of Educ. v. Board of Township Trustees of Union Twnsp., No. 75 CA 39 (2d. App. Dist.) (LEXIS, States library, Ohio file).

As an initial matter, the Plaintiff fails to advise the Court which portion of the will purports to confer general powers

upon the executor such that the lease could be extended unilaterally.[2] Nor is any such provision readily apparent. The nearest analogous portion is Item VIII, which provides

> In addition to the powers conferred on Executors by law, my Executor . . . shall have the full power in her . . . discretion and without any court order or proceeding to sell, pursuant to option or otherwise, at public or private sale and upon such terms as she . . . shall dem [sic] best, any real or personal property belonging to my estate without regard to the necessity of such sale <u>for the purpose of paying debts, taxes or legacies,</u> or to retain any or all such property not so required, without liability for any depreciation thereof; to adjust, compromise and settle all matters of business and claims in favor of or against my estate; and to do all things necessary or proper to complete administration of my estate as fully as I could do if living.

Last will and Testament of Lucille D. Stuller, Aff. of Jeffrey Cottrell (emphasis added).

The plain language of Item VIII of Mrs. Stuller's will, the section to which the Plaintiff presumably refers, indicates that she intended the Executor to have a special power to sell property for the limited purpose of paying debts, taxes, or legacies; only in that circumstance does the will direct the

---

2 The Plaintiff relies on the phrase "without approval of the probate court" for his conclusion that the Executor was granted general powers to extend unilaterally Lease A. The phrase he cites, however, appears nowhere in the will.

Executor to act without reference to a court order.[3] Absent is any indication that the executor's power extended to entering into new leases or extending preexisting leases. This is especially true in light of Item III which purports to grant to each of Mrs. Stuller's two daughters and two sons a 1/4 interest in the remainder of her property, which included the farm land. The use of unconditional language indicates that the devise vested in the heirs immediately upon the death of Mrs. Stuller, subject only to the limitations expressed in Items I and VIII.

Thus, any construction of Item VIII which would confer a general power upon the Executor to alter the lease arrangements on the land would be inconsistent with the terms of Item III. Indeed, once the debts of the estate had been settled pursuant to Items I and VIII, the remainder, including the contested land, vested unconditionally in the devisees; there was simply nothing left for the Executor to lease to the Plaintiff. Nothing in the will suggests that the Executor had any authority to interfere with the devisees' interest in the land. Moreover, it is reasonably certain that this was the testator's intent, given that the will was signed on May 5, 1989, only four months before Mrs. Stuller's death, and two and one-half years <u>after</u> she leased

---

3 This provision was evidently meant to operate in conjunction with Item I, which provides "I hereby direct that all my just debts and funeral expenses be paid out of my estate as soon as practicable after the time of my decease." Thus debts of the estate were meant to be satisfied out of the gross estate, with the remainder passing to the heirs (pursuant to Item III, of which more will be said later).

the land to the Plaintiff. She must have been aware that she was devising an interest in land to her children which was encumbered by the rental agreement. Given her actual knowledge of the competing interests, she surely would have made provisions for unilateral lease extensions had she so intended. In short, the will does not allow for the extension of Lease A without the consent of the devisees or an order of the probate court. From this conclusion it follows that the Plaintiff has failed demonstrate the absence of a dispute as to a material fact. Accordingly, the Plaintiff's motion is denied.

Having so found, there is no reason to consider the Defendants' second argument that the Plaintiff's enrollment in a separate land program precludes him from enrolling the same land in the CRP. Nevertheless, the Court's inquiry is not finished, for it remains to determine whether there is any reason why the defendant should not be granted summary judgment on Count I of the Complaint.

Under certain limited circumstances, a district court is privileged to grant summary judgment on its motion. One such circumstance exists when one party moves for summary judgment, and the court, after reviewing the evidence, concludes that the non-moving party is entitled to summary judgment. Portsmouth Square v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985); J. Moore, W. Taggart & J. Wicker 6 Moore's Federal Practice ¶ 56.12 at 56-161 -162 (2d ed. 1991). Although the general rule is that in such a case the court is obliged to

notify the parties in order to ensure that the losing party has the opportunity to oppose the facts upon which the adverse ruling depends, it is not a rule demanding myrmidon allegiance. Where the losing party has had sufficient opportunity to argue the issue upon which the judgment will rest, no further argument need be presented. United States v. Grayson, 879 F.2d 620 (9th Cir. 1989); Portsmouth Square, 770 F.2d at 869 (citing Cool Fuel v. Connet, 685 F.2d 309, 312 (9th Cir. 1982)).

In this case, the Plaintiff has chosen to rely upon the propriety of the extension of Lease A to support his request for instatement into the CRP. It is undisputed that in order to gain enrollment in the program he must have unfettered control over the property for ten years. It is also undisputed that, absent the extension, he will not control the entire acreage for that period. Therefore, unless he can demonstrate the validity of the lease, his claim for instatement must fail. Yet the power to enter into a lease is controlled by the owner of the property, which in turn is determined by reference to the will. Thus construction of the terms of the will is essential to the Plaintiff's claim for the only authority by which he can claim a right to the extension must be found there. Any motion by the Defendant for summary judgment would simply restate the very arguments the Court has already considered. Because the Plaintiff has already proffered argument on the construction of the will, however, requiring an additional motion by the Defendants will be of ceremonial value only. Accordingly,

judgment on Count I will be entered for the Defendants. In so doing, however, the Court expresses no opinion as to the merits of Count II.

**WHEREUPON**, upon consideration and being duly advised, the Court finds that the Plaintiff's motion for summary judgment on Count I of the Complaint to be without merit, and it is, therefore, **DENIED**. The Court further concludes that the record supports entry of summary judgment in favor of the Defendants. Accordingly, summary judgment is hereby **GRANTED** on behalf of the Defendants as to Count I of the Complaint.

**IT IS SO ORDERED.**

Joseph W. Bennett
UNITED STATES DISTRICT JUDGE

# MINUTES OF COSHOCTON COUNTY COMMITTEE

TIME: 9:00 A.M.
DATE: November 5, 1997
PLACE: Coshocton County FSA Office

Persons present: Bill S. Daugherty, Chairperson
Bob Hoobler, Vice Chairperson
Dale Hedrick, Member
Michael Jacob, CED

The following subjects were discussed, and action as indicated was taken:

1. ADMINISTRATIVE

A. Darla Markley met with COC.

B. The minutes of the October 16, 1997 COC meeting were reviewed and approved as written.

C. Time and attendance sheets for CED and COC members were reviewed and approved. Travel authorization was given to CED for meetings.

D. County office expense and budget reports were reviewed for fiscal year 1998.

E. Discussion was held concerning the upcoming COC election in the LAA covering the western section of the county. Petitions were received timely from two candidates: David C. Bower (Dresden), and Karen Locke (Warsaw). Both of these persons are determined to be eligible candidates.

COC further discussed filling out the ballot to get the minimum of four candidates according to 15-AO (Rev. 3), paragraph 107. With the petitions received, it is determined that minority and female interests are adequately represented. COC suggested the following producers be contacted to complete the ballot: Everett Beatty, Ronnie Rodehaver, and David C. Moore.

F. COC adjourned briefly to Executive Session to discuss employee evaluations.

2. PRODUCTION FLEXIBILITY

A. Darla Markley met with COC.

B. COC reviewed a request for PFC payment to be issued on the farm previously known as the Lucille Stuller Estate. Request was made by Nancy Cottrell, holder of a lease on a portion of the stated property, and also a partial owner of the property.

1446

There has been a past disagreement among owners of the property as to the acreage covered by the lease. Nancy Cottrell indicated the acreage which she believes is covered by the lease. Another partial owner, James Stuller, indicated a different acreage was covered by the lease.

COC reviewed the lease in question and also the statements by the parties invovlved. COC could not determine the acreage covered by the wording of the lease nor by the statements given by the owners.

Due to the disagreement, COC determined it could not approve a CCC-478 for the farm for payment until there was agreement by the owners as to the coverage of the lease or a court determination of the actual lease coverage. This action was taken based on handbook 1-PF, paragraphs 254 (Protecting Interests of Tenants, Sharecroppers, and Landlords) and 255 (Division of Payment Disputes). Nancy Cottrell will be notified of such decision.

C. COC discussed the upcoming payment cycle for 1998 advance PFC payments. It was decided to require owner certification on either the CCC-478 or with a signed cash rent statement for advances to be issued on rented farms. Final payments may still be issued with an operator certification statement.

3. CROP INSURANCE

A. Sandra Wilson met with COC.

B. No action taken.

4. PAYMENT LIMITATION

A. Sandra Wilson met with COC.

B. The COC reviewed and approved 1998 CCC-502EZ's according to 1PL (Rev. 1), par. 272, 273 and 393. COC made "actively engaged" and "person" determination for the following:

| | | |
|---|---|---|
| Oaklief | Underwood | Levering |
| Ames | Eppley | |

5. COMPLIANCE

A. Sandra Wilson met with COC.

B. No action taken.

6. FARM LOANS

A. Sandra Wilson met with COC.

1467

UNITED STATES DEPARTMENT OF AGRICULTURE
COSHOCTON COUNTY FARM SERVICE AGENCY
724 South 7th Street
Coshocton, OH 43812
(614) 622-8087

November 6, 1997

Nancy Cottrell
34395 County Road 402
Warsaw, OH 43844

Dear Nancy;

The Coshocton County FSA Committee met on November 5, 1997 and discussed your request for Production Flexibility Program (PFC) payment on the section of the Lucille Stuller farm covered by the "200+ lease" filed at the Coshocton County Recorders office in Volume 123, pages 36-41.

The Committee reviewed the information you submitted to our office, the information submitted by other owners on the farm, and the background of the farm when making their determination.

The Committee has determined that at this time, the above mentioned lease is a valid lease for payment, due to the fact that it extends beyond the end of the PFC in the year 2002.

The actual cropland acreage and related contract acreage that is covered by this lease has been certified to in two different amounts by at least one owner and one owner/leaseholder of the land. The lease itself contains a map of the farm and the surrounding acreage (pages 39 & 40), but is too general for the Committee to determine a true acreage.

After considering the information at hand, the Committee has determined this to be a payment dispute. Payment can not be issued on this lease until there is an agreement by all owners and leaseholders as to the acreage covered under this lease. This can be a written agreement between the parties, or a court determined delineation of acres.

This action is being taken according to handbook 1-PF, paragraphs 254 (Protecting Interests of Tenants, Sharecroppers, and Landlords) and 255 (Division of Payment Disputes).

If you believe this decision by the County Committee is in error, you may elect any of the options in the following sequence:

1. Reconsideration by the County Committee.
2. Request mediation.
3. Appeal to the the State Committee
4. Appeal to the the National Appeals Division.

You may elect these options in the indicated sequence. You may select any of the first three options, or you may skip any of the first three options and select a later choice, or skip all three and appeal directly to NAD. If you skip any choice in the sequence, you may not select the skipped choice at a later time.

You have 30 calendar days from the date of this letter to make a selection, except that if you wish to select mediation, you have 18 days after the date of this letter or after reconsideration to request mediation.

Mediation is available and FSA will participate in good faith. Informal mediation may enable us to narrow and resolve issues by agreement. To obtain information about mediation, and to request mediation, contact Steven Maurer, 200 North High Street, Room 540, Columbus, OH 43215, Phone (614) 469-6735. The written request for mediation must be postmarked or faxed by you not later than 18 days after the date of this letter. Mediation does not replace or limit your right to further appeal to NAD.

For the County Committee,

Michael A. Jacob
Michael A. Jacob
County Executive Director

cc: Coshocton FSA Committee



1125

**Exhibit 15**
**(Par. 111, 193, 254)**

## CRP Signup Periods

This exhibit lists the number and dates of CRP signup periods by program year.

| Signup Number | Date | Program Year |
|---|---|---|
| 1 | 3-3-86 through 3-14-86 | 1986 |
| 2 | 5-5-86 through 5-16-86 | 1986 and 1987 |
| 3 | 8-4-86 through 8-15-86 | 1986 and 1987 |
| 4 | 2-9-87 through 2-27-87 | 1987 and 1988 |
| 5 | 7-20-87 through 7-31-87 | 1987 and 1988 |
| 6 | 2-1-88 through 2-19-88 | 1988 and 1989 |
| 7 | 7-18-88 through 8-31-88 | 1988 and 1989 |
| 8 | 2-6-89 through 2-24-89 | 1989 and 1990 |
| 9 | 7-17-89 through 8-4-89 | 1989 and 1990 |
| 10 | 3-4-91 through 3-15-91 | 1991 |
| 11 | 7-8-91 through 7-19-91 | 1992 |
| 12 | 6-15-92 through 6-26-92 | 1993 |
| 13 | 9-11-95 through 9-22-95 | 1996 and 1997 |
| 14 * | 9-3-96 through 9-30-97 | 1997 and 1998 |
| 15 | 3-3-97 through 3-28-97 | 1998 and 1999 1/ |
| 16 | 10-14-97 through 11-14-97 | 1998 and 1999 2/ 3/ |
| 17 * | 10-1-97 through 9-30-98 | 1998 and 1999 |
| 18 | 10-26-98 through 12-11-98 | 2000 |
| 19 * | 10-1-98 through 9-30-99 | 1999 and 2000 |
| 20 | 1-18-2000 through 2-11-2000 | 2001 |

Form Approved - OMB No. 0560-0092

CCC-478
(04-23-96)

U.S. DEPARTMENT OF AGRICULTURE
Commodity Credit Corporation

PRODUCTION FLEXIBILITY CONTRACT

1. County Office Name, Address, and Telephone Number
COSHOCTON COUNTY FSA OFFICE (740)622-8087
724 S 7TH ST
COSHOCTON OH 43812-2396

2. ST. & CO. Code: 39-031
3. Farm Number: 2902

THIS CONTRACT TO PARTICIPATE is entered into between the Commodity Credit Corporation (CCC) and the undersigned producers on the farm identified above for the crop(s) identified in column 4. The terms and conditions of the production flexibility contract are contained in the CCC-478 Appendix, entitled "Appendix to Form CCC-478 Production Flexibility Contract". By signing this contract, the undersigned producers on the farm identified above are participating in the production flexibility program for the crop(s) identified in column 4. By signing this contract, producers (1) acknowledge receipt of the CCC-478 Appendix, and agree to abide by the terms contained therein, and (2) agree to comply with the regulations governing the applicable program and payment eligibility and limitation provisions. This program or activity will be conducted on a nondiscriminatory basis without regard to race, color, sex, religion, national origin, age, marital status or disability.

| 4. Crop | 5. Contract Acreage | 6. Payment Yield |
|---|---|---|
| WHEAT | 6.3 | 36 |
| OATS | .3 | 47 |
| CORN | 32.6 | 98 |
| 7. TOTAL CONTRACT ACREAGE | 39.2 | |

OWNER/PRODUCER Name & Address ID NO.296 76 4611
JEFFREY COTTRELL
12467 BAKER ROAD
SAINT LOUISVILLE, OH 430719604

| YEAR | | 1996 | 1997 | 1998 | 1999 | 2000 | 2001 | 2002 |
|---|---|---|---|---|---|---|---|---|
| Crops | Adv. Payment | N | N | N | N | N | N | N |
| WHEAT | % Share | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |
| OATS | % Share | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |
| CORN | % Share | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |

Other Farms: 2903

Signature: [signature] | Date: 9/17/01

OWNER/PRODUCER Name & Address ID NO.271 38 0282
TANYA LEVERING
7810 BLACKJACK RD
MOUNT VERNON, OH 430509483

| YEAR | | 1996 | 1997 | 1998 | 1999 | 2000 | 2001 | 2002 |
|---|---|---|---|---|---|---|---|---|
| Crops | Adv. Payment | N | N | N | N | N | N | N |
| WHEAT | % Share | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |
| OATS | % Share | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |
| CORN | % Share | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |

Other Farms:

Signature: | Date:



2595

CCC-478
(04-23-96)

U.S. DEPARTMENT OF AGRICULTURE
Commodity Credit Corporation

PRODUCTION FLEXIBILITY CONTRACT

1. County Office Name, Address, and Telephone Number
COSHOCTON COUNTY FSA OFFICE (740)622-8087
724 S 7TH ST
COSHOCTON OH 43812 2396

2. ST. & CO. Code 39-031

3. Farm Number 2902

PRODUCER CERTIFICATION SECTION CONTINUED

OWNER/PRODUCER Name & Address ID NO.279 38 6804
NANCY COTTRELL
34395 COUNTY ROAD 402
WARSAW, OH 438449552

| YEAR | | 1996 | 1997 | 1998 | 1999 | 2000 | 2001 | 2002 |
|---|---|---|---|---|---|---|---|---|
| Crops | Adv. Payment | N | N | N | N | N | N | N |
| WHEAT | % Share | ALL | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |
| OATS | % Share | ALL | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |
| CORN | % Share | ALL | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |

Other Farms: 2875 2903

Signature: Nancy Cottrell By Duane Cottrell | Date: Aug 30-01

OWNER/PRODUCER Name & Address ID NO.279 56 6773
MARY HALDEMAN
7420 SHARP RD
MOUNT VERNON, OH 430509412

| YEAR | | 1996 | 1997 | 1998 | 1999 | 2000 | 2001 | 2002 |
|---|---|---|---|---|---|---|---|---|
| Crops | Adv. Payment | N | N | N | N | N | N | N |
| WHEAT | % Share | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |
| OATS | % Share | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |
| CORN | % Share | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |

Other Farms:

Signature: | Date:

OWNER/PRODUCER Name & Address ID NO.302 32 0677
JAMES M STULLER
PO BOX 13
DANVILLE, OH 430140013

| YEAR | | 1996 | 1997 | 1998 | 1999 | 2000 | 2001 | 2002 |
|---|---|---|---|---|---|---|---|---|
| Crops | Adv. Payment | N | N | N | N | N | N | N |
| WHEAT | % Share | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |
| OATS | % Share | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |
| CORN | % Share | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |

Other Farms:

Signature: | Date:

OWNER/PRODUCER Name & Address ID NO.777 77 7777
UNDESIGNATED

| YEAR | | 1996 | 1997 | 1998 | 1999 | 2000 | 2001 | 2002 |
|---|---|---|---|---|---|---|---|---|
| Crops | Adv. Payment | N | N | N | N | N | N | N |
| WHEAT | % Share | .0000 | ALL | ALL | ALL | ALL | ALL | ALL |
| OATS | % Share | .0000 | ALL | ALL | ALL | ALL | ALL | ALL |
| CORN | % Share | .0000 | ALL | ALL | ALL | ALL | ALL | ALL |

Other Farms:

Signature: | Date:



2596

Form Approved - OMB No. 0560-0092

CCC-478
(04-23-96)

U.S. DEPARTMENT OF AGRICULTURE
Commodity Credit Corporation

PRODUCTION FLEXIBILITY CONTRACT

1. County Office Name, Address, and Telephone Number
COSHOCTON COUNTY FSA OFFICE (740)622-8087
724 S 7TH ST
COSHOCTON OH 43812 2396

2. ST. & CO. Code
39-031

3. Farm Number
2902

PRODUCER CERTIFICATION SECTION CONTINUED

| OWNER/PRODUCER Name & Address ID NO.301 48 1175 | YEAR | | 1996 | 1997 | 1998 | 1999 | 2000 | 2001 | 2002 |
|---|---|---|---|---|---|---|---|---|---|
| GARY MIZER<br>27120 COUNTY ROAD 22<br>WARSAW, OH 438449330 | Crops | Adv. Payment | **************Shares for all crops are zero************** | | | | | | |

Signature:

Date:

8. REMARKS

9. CCC Representative's Signature Bob Hoofler

Date: 9-17-01



2597

 Form Approved - OMB No. 0560-0092


CCC-478 (04-23-96)

U.S. DEPARTMENT OF AGRICULTURE
Commodity Credit Corporation

PRODUCTION FLEXIBILITY CONTRACT

1. County Office Name, Address, and Telephone Number
COSHOCTON COUNTY FSA OFFICE (740)622-8087
724 S 7TH ST
COSHOCTON OH 43812-2396

2. ST. & CO. Code: 39-031
3. Farm Number: 2903

THIS CONTRACT TO PARTICIPATE is entered into between the Commodity Credit Corporation (CCC) and the undersigned producers on the farm identified above for the crop(s) identified in column 4. The terms and conditions of the production flexibility contract are contained in the CCC-478 Appendix, entitled "Appendix to Form CCC-478 Production Flexibility Contract". By signing this contract, the undersigned producers on the farm identified above are participating in the production flexibility program for the crop(s) identified in column 4. By signing this contract, producers (1) acknowledge receipt of the CCC-478 Appendix, and agree to abide by the terms contained therein, and (2) agree to comply with the regulations governing the applicable program and payment eligibility and limitation provisions. This program or activity will be conducted on a nondiscriminatory basis without regard to race, color, sex, religion, national origin, age, marital status or disability.

| 4. Crop | 5. Contract Acreage | 6. Payment Yield |
|---|---|---|
| WHEAT | 34.9 | 36 |
| OATS | 1.8 | 47 |
| CORN | 179.7 | 98 |
| 7. TOTAL CONTRACT ACREAGE | 216.4 | |

OWNER/PRODUCER Name & Address ID NO.301 48 1175
GARY MIZER
27120 COUNTY ROAD 22
WARSAW, OH 438449330

| YEAR | | 1996 | 1997 | 1998 | 1999 | 2000 | 2001 | 2002 |
|---|---|---|---|---|---|---|---|---|
| Crops | Adv. Payment | **************Shares for all crops are zero************** | | | | | | |

Signature: | Date:

OWNER/PRODUCER Name & Address ID NO.271 38 0282
TANYA LEVERING
7810 BLACKJACK RD
MOUNT VERNON, OH 430509483

| YEAR | | 1996 | 1997 | 1998 | 1999 | 2000 | 2001 | 2002 |
|---|---|---|---|---|---|---|---|---|
| Crops | Adv. Payment | N | N | N | N | N | N | N |
| WHEAT | % Share | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |
| OATS | % Share | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |
| CORN | % Share | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |

Other Farms:

Signature: | Date:

OWNER/PRODUCER Name & Address ID NO.279 38 6804
NANCY COTTRELL
34395 COUNTY ROAD 402
WARSAW, OH 438449552

| YEAR | | 1996 | 1997 | 1998 | 1999 | 2000 | 2001 | 2002 |
|---|---|---|---|---|---|---|---|---|
| Crops | Adv. Payment | N | N | N | N | N | N | N |
| WHEAT | % Share | ALL | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |
| OATS | % Share | ALL | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |
| CORN | % Share | ALL | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |

Other Farms: 2875 2902

Signature: Nancy Cottrell By Duane Cottrell | Date: Aug 30-01



2604

Form Approved - OMB No. 0560-0092

CCC-478
(04-23-96)

U.S. DEPARTMENT OF AGRICULTURE
Commodity Credit Corporation

PRODUCTION FLEXIBILITY CONTRACT

1. County Office Name, Address, and Telephone Number
COSHOCTON COUNTY FSA OFFICE (740)622-8087
724 S 7TH ST
COSHOCTON OH 43812 2396

2. ST. & CO. Code
39-031

3. Farm Number
2903

PRODUCER CERTIFICATION SECTION CONTINUED

OWNER/PRODUCER Name & Address ID NO.279 56 6773
MARY HALDEMAN
7420 SHARP RD
MOUNT VERNON, OH 430509412

| YEAR | | 1996 | 1997 | 1998 | 1999 | 2000 | 2001 | 2002 |
|---|---|---|---|---|---|---|---|---|
| Crops | Adv. Payment | N | N | N | N | N | N | N |
| WHEAT | % Share | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |
| OATS | % Share | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |
| CORN | % Share | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |

Other Farms:

Signature: | Date:

OWNER/PRODUCER Name & Address ID NO.280 34 1715
DUANE COTTRELL
34395 COUNTY ROAD 402
WARSAW, OH 438449552

| YEAR | | 1996 | 1997 | 1998 | 1999 | 2000 | 2001 | 2002 |
|---|---|---|---|---|---|---|---|---|
| Crops | Adv. Payment | N | N | N | N | N | N | N |
| WHEAT | % Share | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |
| OATS | % Share | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |
| CORN | % Share | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |

Other Farms: 2875

Signature: | Date:

OWNER/PRODUCER Name & Address ID NO.296 76 4611
JEFFREY COTTRELL
12467 BAKER ROAD
SAINT LOUISVILLE, OH 430719604

| YEAR | | 1996 | 1997 | 1998 | 1999 | 2000 | 2001 | 2002 |
|---|---|---|---|---|---|---|---|---|
| Crops | Adv. Payment | N | N | N | N | N | N | N |
| WHEAT | % Share | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |
| OATS | % Share | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |
| CORN | % Share | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |

Other Farms:

Signature: [signature] | Date: 9/17/01

OWNER/PRODUCER Name & Address ID NO.302 32 0677
JAMES M STULLER
PO BOX 13
DANVILLE, OH 430140013

| YEAR | | 1996 | 1997 | 1998 | 1999 | 2000 | 2001 | 2002 |
|---|---|---|---|---|---|---|---|---|
| Crops | Adv. Payment | N | N | N | N | N | N | N |
| WHEAT | % Share | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |
| OATS | % Share | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |
| CORN | % Share | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 | .0000 |

Other Farms:

Signature: | Date:



2605

Form Approved - OMB No. 0560-0092

CCC-478
(04-23-96)

U.S. DEPARTMENT OF AGRICULTURE
Commodity Credit Corporation

PRODUCTION FLEXIBILITY CONTRACT

1. County Office Name, Address, and Telephone Number
COSHOCTON COUNTY FSA OFFICE (740)622-8087
724 S 7TH ST
COSHOCTON OH 43812 2396

2. ST. & CO. Code
39-031

3. Farm Number
2903

PRODUCER CERTIFICATION SECTION CONTINUED

OWNER/PRODUCER Name & Address ID NO.777 77 7777

UNDESIGNATED

| YEAR | | 1996 | 1997 | 1998 | 1999 | 2000 | 2001 | 2002 |
|---|---|---|---|---|---|---|---|---|
| Crops | Adv. Payment | N | N | N | N | N | N | N |
| WHEAT | % Share | .0000 | ALL | ALL | ALL | ALL | ALL | ALL |
| OATS | % Share | .0000 | ALL | ALL | ALL | ALL | ALL | ALL |
| CORN | % Share | .0000 | ALL | ALL | ALL | ALL | ALL | ALL |

Other Farms:

Signature: | Date:

8. REMARKS

9. CCC Representative's Signature Bob Hoobler | Date: 9-17-01



2606

USDA United States Department of Agriculture

Farm Service Agency

Ohio State FSA Office
Room 540 Federal Building
200 North High Street
Columbus, OH 43215-2495

**To:** Coshocton County FSA Committee **Date:** January 9, 2002

**In Reply Refer to:** PF/COMP/RM

**From:** State Executive Director
Ohio State FSA Office

**Subject:** Request for Authorization Codes for PFC and MLA Payments

Attached are authorization codes from PECD which were requested to issue 1996 - 2001 PFC and 1998 - 2001 MLA payments to producers Nancy Cottrell and Gary Mizer on FSN's 2902 and 290[illegible]. The payments were not issued timely because of a dispute in contract shares. The dispute was not resolved before the final payment date.

Based on the documentation provided, authorization codes have been issued by PECD/CPB and are attached. The County Office should follow the provision of 2-PF paragraphs:

- 2[illegible]8 to issue the PFC payments (1996 and 1997)
- 2[illegible]8.5 to issue the PFC payments (1998 and future years)

*Note:* Authorization codes are not required to issue 1998 and 1999 MLA payments.

*Note:* With regard to the 2000 and 2001 MLA payments, National Notices PF-159, PF-169 and PF-168 advised State and County Offices that funding authority authorizing FY 2000 and 2001 MLA payments expired on September 30, 2001. As a result, your request for authorization codes to issue the FY 2000 and 2001 MLA payment is denied.

Should you have questions, please call PF/COMP/RM, 614-255-2446.

Attachments (59)

cc: James Rex (memo only)

United States Department of Agriculture

Farm Service Agency

COSHOCTON COUNTY FSA OFFICE
724 S 7TH ST
COSHOCTON, OH 43812-2396

Date 01-11-2002
Time 14:31
Statement Type B Original

Program 1996 Production Flexibility Contract
Application Prod. Adj./Prod. Flex.

Phone 740-622-8087

PAGE 1

Name: NANCY COTTRELL
34395 COUNTY ROAD 402
WARSAW, OH 43844-9552

RETAIN FOR TAX PURPOSES Producer ID 279 38 6804 S Disbursement Statement

Transaction Information

| Reference Number(s) | | | | Amount | STAT | Payment Description |
|---|---|---|---|---|---|---|
| Farm | 2903 | Transaction | WA01100046 | 3,753.00 | | PRODUCTION FLEXIBILITY CONTRACT CORN |
| | | | | 3,753.00 | | Total Payments (Transactions) |

Disbursement Information

| Issue Date | ACH/ Check | ASGN/ JPYMT | RECVBL/ Claim | Amount | Payee Name/CCC Debt Repaid |
|---|---|---|---|---|---|
| 01-11-2002 | 28811661 | | | 3,753.00 | NANCY COTTRELL |
| | | | | 3,753.00 | Total Disbursements |
| | | | | 3,753.00 | Total Program Payment Earned |

*** End of Report ***



2600

United States Department of Agriculture — Farm Service Agency — COSHOCTON COUNTY FSA OFFICE
724 S 7TH ST
COSHOCTON, OH 43812-2396

Date 01-11-2002
Time 14:27
Statement Type B Original

Program 1996 Production Flexibility Contract
Application Prod. Adj./Prod. Flex.

Phone 740-622-8087

PAGE 1

Name: NANCY COTTRELL
34395 COUNTY ROAD 402
WARSAW, OH 43844-9552

RETAIN FOR TAX PURPOSES    Producer ID 279 38 6804 S    Disbursement Statement

Transaction Information

| Reference Number(s) | | | | Amount | STAT | Payment Description |
|---|---|---|---|---|---|---|
| Farm | 2902 | Transaction | WA01100043 | 170.00 | | PRODUCTION FLEXIBILITY CONTRACT WHEAT |
| | | | | 170.00 | | Total Payments (Transactions) |

Disbursement Information

| Issue Date | ACH/ Check | ASGN/ JPYMT | RECVBL/ Claim | Amount | Payee Name/CCC Debt Repaid |
|---|---|---|---|---|---|
| 01-11-2002 | 28811658 | | | 170.00 | NANCY COTTRELL |
| | | | | 170.00 | Total Disbursements |
| | | | | 170.00 | Total Program Payment Earned |

*** End of Report ***



2591

United States
Department of
Agriculture

Farm Service Agency

COSHOCTON COUNTY FSA OFFICE
724 S 7TH ST
COSHOCTON, OH 43812-2396

Phone 740-622-8087

Date 01-11-2002
Time 14:26
Statement Type B Original

Program 1996 Production Flexibility Contract
Application Prod. Adj./Prod. Flex.

PAGE 1

Name: NANCY COTTRELL
34395 COUNTY ROAD 402
WARSAW, OH 43844-9552

RETAIN FOR TAX PURPOSES    Producer ID 279 38 6804 S    Disbursement Statement

Transaction Information

| Reference Number(s) | | | | Amount | STAT | Payment Description |
|---|---|---|---|---|---|---|
| Farm | 2902 | Transaction | WA01100042 | 681.00 | | PRODUCTION FLEXIBILITY CONTRACT CORN |
| | | | | 681.00 | | Total Payments (Transactions) |

Disbursement Information

| Issue Date | ACH/ Check | ASGN/ JPYMT | RECVBL/ Claim | Amount | Payee Name/CCC Debt Repaid |
|---|---|---|---|---|---|
| 01-11-2002 | 28811657 | | | 681.00 | NANCY COTTRELL |
| | | | | 681.00 | Total Disbursements |
| | | | | 681.00 | Total Program Payment Earned |

*** End of Report ***



2592

United States Department of Agriculture

Farm Service Agency

COSHOCTON COUNTY FSA OFFICE
724 S 7TH ST
COSHOCTON, OH 43812-2396

Date 01-11-2002
Time 14:29
Statement Type B Original

Program 1996 Production Flexibility Contract
Application Prod. Adj./Prod. Flex.

Phone 740-622-8087



Name: NANCY COTTRELL
34395 COUNTY ROAD 402
WARSAW, OH 43844-9552

RETAIN FOR TAX PURPOSES

Producer ID 279 38 6804 S

Disbursement Statement

Transaction Information

| Reference Number(s) | | | | Amount | STAT | Payment Description |
|---|---|---|---|---|---|---|
| Farm | 2903 | Transaction | WA01100044 | 934.00 | | PRODUCTION FLEXIBILITY CONTRACT WHEAT |
| | | | | 934.00 | | Total Payments (Transactions) |

Disbursement Information

| Issue Date | ACH/ Check | ASGN/ JPYMT | RECVBL/ Claim | Amount | Payee Name/CCC Debt Repaid |
|---|---|---|---|---|---|
| 01-11-2002 | 28811659 | | | 934.00 | NANCY COTTRELL |
| | | | | 934.00 | Total Disbursements |
| | | | | 934.00 | Total Program Payment Earned |

*** End of Report ***



2598

CERTIFICATE OF FILING

I hereby certify that on December 29, 2005, a copy of the foregoing "DEFENDANT'S APPENDIX IN SUPPORT OF ITS MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ KELLY B. BLANK